UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Luis Acquino Osorio,<br><br>    Plaintiff,<br><br>        - vs. -<br><br>Gene Fox<br>d/b/a Gene's Landscaping<br><br>    Defendants. | DOCKET NO. _____<br><br>**COMPLAINT** |

Plaintiff Luis Acquino Osorio, by and through his undersigned attorneys, files this complaint against defendant Gene Fox d/b/a Gene's Landscaping, and alleges as follows:

## NATURE OF THE ACTION

1.  Plaintiff Luis Acquino Osorio, former employee of defendant Gene Fox, d/b/a Gene's Landscaping, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges that he is entitled to: (i) unpaid wages from defendants for overtime work for which he did not receive overtime premium

pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendant's violations lacked a good faith basis.

2. Plaintiff further complains that he is entitled to (i) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) compensation for the defendant's illegal deductions from gratuities under New York Labor Law §§ 196-d and 663; (iii) liquidated damages pursuant to New York Labor Law for these violations; and (iv) statutory damages for the defendant's violation of the Wage Theft Prevention Act.

### **THE PARTIES**

3. Plaintiff Luis Acquino Osorio is an adult individual residing in Spring Valley, New York.

4. Mr. Acquino Osorio consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5. Defendant Gene Fox, d/b/a Gene's Landscaping has a registered principal place of business at 13 Edgebrook Lane, Airmont, New York 10952.

6. At all relevant times, defendant Gene Fox was an employer engaged in interstate commerce and/or the production

of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. At all relevant times, defendant Gene Fox has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8. Upon information and belief, at all relevant times, defendant Gene Fox has had gross revenues in excess of $500,000.00.

9. Upon information and belief, at all relevant times herein, defendant Gene Fox has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

10. At all relevant times, Defendant Gene Fox was involved in the day-to-day operations of his business and played an active role in managing the business.

11. Defendant Gene Fox has the power to hire and fire employees, set wages and schedules, and maintain their records.

12. At all relevant times, Defendant Gene Fox played an active role in managing the business.

13. Defendant constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

**JURISDICTION AND VENUE**

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendant's business is located in this district.

**FACTS**

16. At all relevant times herein, the defendant owned and operated Gene's Landscaping, a landscaping company in New York.

17. Plaintiff Luis Acquino Osorio was employed at Gene Fox Landscaping from approximately April 2014 until November 2020.

18. Mr. Acquino Osorio was employed by Defendant to perform general landscaping work.

19. Mr. Acquino Osorio's work was performed in the normal course of the defendant's business, was integrated into the business of the defendant, and did not involve executive or administrative responsibilities.

20. At all relevant times herein, Mr. Acquino Osorio was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

21. During his employment by Defendant, Mr. Acquino Osorio worked a regular schedule of five or six days per week with Sundays off.  His regular hours were from 7 a.m. to 6 p.m.

22. During the "high" season, he worked six days per week.

23. During the "low" season he worked five days per week.

24. Consequently Mr. Acquino Osorio worked 55 to 66 hours per week depending on the season.

25. Mr. Acquino Osorio was paid weekly in cash until 2020, at the following weekly rates:

| Year | Weekly Rate |
|---|---|
| 2014 | $700.00 |
| 2015 | $800.00 |
| 2016 | $900.00 |
| 2017 | $900.00 |
| 2018 | $960.00 |
| 2019 | $960.00 |
| 2020 | $1100.00 |

26. Plaintiff received the weekly amounts described herein above for all hours worked each week regardless of the exact number of hours worked in a given week.

27. Plaintiff was paid in cash until 2020 and received no paystubs or wage statements of any sort with his pay.

28. The defendant failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

29. Defendant's failure to pay Plaintiff the overtime bonus for overtime hours he worked was willful and lacked a good faith basis.

30. Defendant failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the defendant's contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain each plaintiff's signature acknowledging the same, upon each plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

31. Defendant failed to provide Plaintiff with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

32. Throughout the period of Plaintiff's employment, the defendant employed Plaintiff in a position that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

33. Throughout Mr. Acquino Osorio's employment by Defendant, Defendant applied these employment policies, practices, and procedures to Plaintiff, including policies, practices, and procedures with respect to the payment of overtime.

34. While the defendant employed the plaintiff, the defendant failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

35. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

36. At all relevant times, the defendant employed Plaintiff within the meaning of the FLSA.

37. At all relevant times, the defendant had a policy and practice of refusing to pay overtime compensation to their

7

employees for hours they worked in excess of forty hours per workweek.

38. As a result of defendant's willful failure to compensate its employees, including Plaintiff, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

39. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

40. Due to the defendant's FLSA violations, Plaintiff is entitled to recover from the defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

41. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

42. At all relevant times, Plaintiff was employed by the defendant within the meaning of the New York Labor Law, §§ 2 and 651.

43. Defendant willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

44. Defendant's failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

45. Due to the defendant's New York Labor Law violations, Plaintiff is entitled to recover from the defendant his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT III

### (New York Labor Law – Wage Theft Prevention Act)

46. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, Plaintiff was employed by the defendant within the meaning of the New York Labor Law, §§ 2 and 651.

48. Defendant willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

49. Defendant willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

50. Due to the defendant's New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from the defendant statutory damages of $250 per day, for each day by the defendant of his employment by the defendants, up to the maximum statutory damages.

51. Due to the defendant's New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from the defendant statutory damages of $50 per day for each day of his employment by the defendants, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against the defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. An award of liquidated damages as a result of defendant's willful failure to pay the statutory minimum wage, and overtime compensation pursuant to 29 U.S.C. § 216;

e. Liquidated damages for the defendant's New York Labor Law violations;

f. Statutory damages for the defendant's violation of the New York Wage Theft Prevention Act;

g. Back pay;

h. Punitive damages;

i. An award of prejudgment and post judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other, further, and different relief as this Court deems just and proper.

Dated: July 31, 2022

New York, NY

/s/ Michael Samuel
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
*Attorneys for Plaintiff*